# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DANIEL PILJAGIC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-01712-JMS-TAB |
| | ) | |
| SUPERINTENDENT, Pendleton Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

## Entry Concerning Selected Matters

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. The petitioner's request to proceed *in forma pauperis* [2] is **granted**.

2. The petition for a writ of habeas corpus is subject to preliminary review pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts.* Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

3. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. §2254(b)(1), thereby giving the State the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese,* 124 S. Ct. 1347, 1349 (2004)(internal quotations and citations omitted).

   a. In particular, a habeas petitioner must fully and fairly present his federal claims to the state courts before he files his federal habeas petition. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Sturgeon v. Chandler,* 552 F.3d 604, 610 (7th Cir. 2009).

      b.   Under Indiana law, a claim that a sentence has expired can be brought in the trial court through an action for post-conviction relief. *Mills v. State,* 840 N.E.2d 354, 357 (Ind.Ct.App. 2006) (noting that *Ind. Post-Conviction Rule* 1(1)(a)(5) provides that "[a] person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . (5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief."). This procedure provides him a meaningful remedy in the Indiana courts. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985).

    4.   "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1720 (1992). The petitioner shall have **through January 18, 2012,** in which to show cause why his petition for a writ of habeas corpus should not be dismissed without prejudice because of the existence of an available remedy in the Indiana state courts.

    5.   The **clerk shall** include a copy of the petition for a writ of habeas corpus with the petitioner's copy of this Entry.

    **IT IS SO ORDERED.**

Date: 01/03/2012

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Daniel Piljagic**
**Pendleton Correctional Facility**
**4490 West Reformatory Road**
**Pendleton, IN 46064**

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**