UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| DANIEL PILJAGIC, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-01712-JMS-TAB |
| | ) | |
| SUPERINTENDENT, Pendleton Correctional Facility, | ) ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

**I.**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This is an appropriate case for such a disposition.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004)(citing 28 U.S.C. ' 2254(b)(1)). In this action for habeas corpus relief, Daniel Piljagic seeks his release from the custody of the Indiana Department of Correction based on his contention that his parole was unlawfully revoked. This is a claim which is cognizable in an action for petition for post-conviction relief in the trial court. *Mills v. State,* 840 N.E.2d 354, 357 (Ind.Ct.App. 2006)(noting that *Ind. Post-Conviction*

*Rule* 1(1)(a)(5) provides that "[a] person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief"). This procedure provides him a meaningful remedy in the Indiana courts. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985). Piljagic does not allege that he has filed an action for post-conviction relief in the trial court as outlined in the court's January 3, 2012, Entry.

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 10 (1992). The only manner in which that purpose can be served is by dismissing this action, without prejudice, and allowing Piljagic to proceed with his claims in the Indiana courts, if he elects to do so.

The action is **dismissed without prejudice**. Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Piljagic has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 01/24/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana